## A. B. DICK CO. v. WICHELMAN.

(Circuit Court, S. D. New York. August 11, 1898.)

PATENTS—SUIT FOR INFRINGEMENT—VIOLATION OF INJUNCTION.

A defendant is in contempt for violating a preliminary injunction, in the usual form, against his "making, using, or vending for use" the article in controversy, where he sells such article to a customer after service of the injunction, though it was made previously.

Motion to Punish for Contempt for Violating Injunction.

Samuel O. Edmonds, for the motion.
Frederick A. Wichelman, in pro. per.

LACOMBE, Circuit Judge. On April 9, 1895, this cause came up for final hearing before Judge Wheeler on pleadings and proofs, and was decided adversely to defendant. 74 Fed. 799. Injunction was issued in the usual form, and served personally upon defendant. These facts are conceded. It is asserted in the moving papers, upon the oath of one Frederick B. Canode, that on May 10, 1898, he called at the factory of defendant, No. 253 Washington street, New York City, and told him that he wanted to purchase five quires of typewriter stencil paper, and that two days later he (Canode) paid defendant four dollars, and received from defendant five quires of paper, a sample of which is annexed to the moving papers, and which is apparently the same as that which was held by Judge Wheeler to be an infringement. An expert who has examined this sample testifies that it "is composed of sheets of Yoshino provided with a soft coating of wax or wax composition, capable of being expressed from the body of the sheet by the blow of the typewriter, while leaving the fibers sufficiently intact or unbroken to hold the interior of loop letters in place." This makes out a prima facie case of violation of injunction, and careful examination of the answering affidavits fails to disclose any substantial contradiction of complainant's witness. One Marks, in the employ of defendant, testifies that he was "present in May, 1898, when a young man called at Wichelman's place of business, and said he was from Chicago, and wanted to buy some waxed paper; that deponent heard defendant tell the party that he was not making any waxed

paper of the kind he wanted; that he was awaiting the outcome of his suit." This witness tells nothing of the later interview, nor does he say that defendant refused to sell the paper. Moreover, defendant himself, who has submitted a long affidavit, confines himself to asserting that he has "not made any waxed paper which infringes patent 377,706," and that he has "not made any waxed paper for typewriter stencil sheets for over a year." He nowhere disputes the statement of Canode that he (defendant) sold him the five quires of which sample is annexed to the moving papers, nor that such sample is as above described. It must therefore be taken as abundantly proved that such sale was made. The defendant seems to have an impression that, if he does not make the paper himself, he will escape the operation of the injunction. This is not so. The injunction is in the usual form against "making, using, or vending for use," and by the sale to Canode defendant has plainly violated it, and must be found guilty of the contempt charged.

Fine, $100, without costs, half to complainant, half to United States. Ten days allowed in which to pay, and, in default thereof, commitment as usual in such causes.